# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRIAN SMITH, individually<br>and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LIFEVANTAGE CORPORATION,<br>DARREN JENSEN, JUSTIN ROSE, and<br>RYAN GOODWIN,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO.<br>3:18-CV-000135 (SRU)<br><br><br><br><br><br><br><br><br><br>JULY 23, 2018 |

## STIPULATION REGARDING MOTIONS TO DISMISS, STRIKE, AND TRANSFER

Plaintiff Brian Smith ("Plaintiff") filed the above-styled action (the "Action") on January 24, 2018. Defendants LifeVantage Corporation, Darren Jensen, Justin Rose, and Ryan Goodwin ("Defendants") filed a motion to transfer, a motion to strike, and a motion to dismiss on April 16, 2018.

Plaintiff has agreed to transfer this Action to the United States District Court for the District of Utah, Central Division, in Salt Lake City, Utah. Within forty-five days after the transfer is completed and a new case is open in the District of Utah, Plaintiff will file a First Amended Complaint, which will not include his First and Second Claims for Violation of 18 U.S.C. §§ 1961(5), 1962(c) and Conspiracy to Violate 18 U.S.C. § 1962(c) in Violation of 18 U.S.C. §§ 1961(5) and 1962(d) (each a "RICO Claim") or any other type of RICO Claim. Defendants need not file any pleading or otherwise answer the transferred Complaint until forty-five days after Plaintiff files the First Amended Complaint. Plaintiff also agrees that he will not file in this Action any RICO Claim, unless a Court were to *sua sponte* find that LifeVantage Corporation is not selling securities in this Action.

{W3027411}

In exchange for the agreement to transfer and drop the RICO Claims, Defendants agree that personal jurisdiction and venue are proper in the transferee court in the District of Utah as to all Defendants and as to a national class of plaintiffs in the United States (preserving all other defenses, though, including but not limited to class certification defenses).  In addition, LifeVantage Corporation will not challenge the element of the existence of a security in a Rule 12 motion (assuming Plaintiff's allegations are similar in Utah as they are in Connecticut), and LifeVantage Corporation stipulates for the purposes of this Action only that an investment in an alleged pyramid scheme, if proven a pyramid scheme, is itself a security under the federal Securities Act of 1933 and Securities Act of 1934.

Wherefore, the Parties respectfully request that the Court enter an order:

1.  Directing the Parties to comply with the terms of this Stipulation;

2. Granting the pending Motion to Transfer (Doc. No. 39) and ordering that this lawsuit be transferred to the United States District Court for the District of Utah, Central Division, in Salt Lake City, Utah;

3. Dismissing the pending Motion to Dismiss (Doc. No. 40) as moot;

4. Dismissing the pending Motion to Strike (Doc. No. 38) as moot;

5. Directing Plaintiff to file an Amended Complaint, which meets with the requirements of this Stipulation, within 45 days of the District of Utah opening the transferred case; and

6. Directing that Defendants need not file any pleading or otherwise answer the transferred Complaint until forty-five days after Plaintiff files the First Amended Complaint.

DATED: July 23, 2018

Respectfully submitted,

**PLAINTIFF, BRIAN SMITH
INDIVIDUALLY AND ON BEHALF
OF ALL OTHERS SIMILARLY SITUATED**

/s/ *Brian T. Henebry*
Brian T. Henebry (ct10002)
Carmody Torrance Sandak & Hennessey
50 Leavenworth Street
Waterbury, CT  06721-1110
Tel: (203) 573-1200
Fax: (203) 575-2600
bhenebry@carmodylaw.com

**LIFEVANTAGE CORPORATION, DARREN JENSON, JUSTIN ROSE, and RYAN GOODWIN**

/s/  John M. Doroghazi
John Doroghazi (ct28033)
Wiggin and Dana LLP
One Century Tower, P.O. Box 1832
New Haven, CT 06508-1832
Telephone: 203-498-4400
Facsimile: 203-782-2889
jdoroghazi@wiggin.com

## CERTIFICATE OF SERVICE

      I hereby certify that on July 23, 2018, a copy of the foregoing Stipulation was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

      /s/ *Brian T. Henebry*
      Brian T. Henebry (ct10002)

{W3027411}